FLETCHER, Circuit Judge,
dissenting:
I respectfully dissent. As the majority recognizes, supra, at 1335, Congress *1333 amended section 921(a)(20) in response to Dickerson v. New Banner Institute, Inc., 461 U.S. 911, 103 S.Ct. 1887, 76 L.Ed.2d 815 (1983), which denied any effect to state expunctions, pardons or civil rights restorations related to state convictions for purposes of the federal firearms laws. In my view — and the majority does not appear to disagree — Congress’s purpose in passing the amendment was to enable states to determine the effect of their own convictions. The amendment was not intended to give states the ability to restore to federal felons rights impaired by federal convictions.
The majority’s reading of the words “any conviction” as allowing states to determine the effect of federal convictions creates the Dickerson problem in reverse. While I do not believe that the first sentence of the amendment (specifying that what constitutes a “conviction” is to be determined in accordance with the law of the jurisdiction in which the proceedings were held) is dis-positive of how to read the second sentence, as suggested by the government, I do think it must inform our reading of the words “any conviction.” * Read in context, it is not plain to me that those words signify that a state’s restoration of a federal felon’s rights previously suspended by the state determines the vitality and significance of the federal conviction vis-a-vis federal firearms laws.
Where the language of the statute is ambiguous, as I believe it is here, we look to legislative history and Congress’s broader purpose in passing the amendment. Both, in my view, support reading the amendment to mandate federal deference to states’ treatment of their own convictions, but not state control over the consequences of federal convictions under the federal firearms laws.

 " '[I]n expounding a statute, we [are] not ... guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy.’ ” Massachusetts v. Morash, 490 U.S. 107, 109 S.Ct. 1668, 104 L.Ed.2d 98 (1989) (quoting Pilot Life Insurance Co. v. Dedeaux, 481 U.S. 41, 51, 107 S.Ct. 1549, 1555, 95 L.Ed.2d 39 (1987)).